[Cite as *State v. Davis*, 2026-Ohio-540.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| CITY OF AKRON | C.A. No. 31442 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NASHEEMIA DAVIS | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 24 CRB 06233 |

DECISION AND JOURNAL ENTRY

Dated: February 18, 2026

HENSAL, Judge Presiding.

{¶1} Nasheemia Davis appeals a journal entry of the Akron Municipal Court that found her guilty of contempt of court. For the following reasons, this Court reverses.

I.

{¶2} In January 2025, Ms. Davis pleaded guilty to resisting arrest. The municipal court sentenced her to 90 days in jail but gave her credit for 3 days and suspended the remainder of the days. It also fined her $100 and ordered her to obey all laws for one year. A month later, the court issued a complaint, alleging that Ms. Davis had failed to comply with the terms of her probation and failed to comply with GPS monitoring. Following a hearing, the court found Ms. Davis in contempt and ordered her to spend 30 days at the community alternative sentencing center. Ms. Davis has appealed, assigning two errors. This Court will address her second assignment of error first because it is dispositive.

II.

ASSIGNMENT OF ERROR II

THE RECORD CONTAINS INSUFFICIENT EVIDENCE TO SUSTAIN DAVIS'S CONVICTION FOR INDIRECT CRIMINAL CONTEMPT.

{¶3} In her second assignment of error, Ms. Davis argues that her conviction for contempt is not supported by sufficient evidence. Specifically, she argues that there is no valid court order in this case that she both knew about and violated intentionally. The State agrees that the evidence submitted to the municipal court did not have to do with this case and did not establish that Ms. Davis violated any of the sentencing conditions imposed by the municipal court in this case. Upon review of the record, we agree that it does not show that Ms. Davis was ordered to comply with GPS monitoring in this case or that she violated any laws within one year of her sentencing. Ms. Davis's second assignment of error is sustained. Considering this determination, Ms. Davis's first assignment of error is moot, and this Court declines to address it for that reason. App.R. 12(A)(1)(c).

III.

{¶4} Ms. Davis's second assignment of error is sustained. The judgment of the Akron Municipal Court is reversed, and this matter is remanded for the municipal court to enter a judgment of acquittal on the contempt charge.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JOSEPH SHELL, Attorney at Law, for Appellant.

DEBORAH S. MATZ, Director of Law, and BRIAN D. BREMER and KIRSTEN L. SMITH, Assistant Directors of Law, for Appellee.